IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **VANESSA LAWTON,**<br><br>Plaintiff,<br><br>vs.<br><br>**TTEC HOLDINGS, INC d/b/a Teletech and TTEC SERVICES CORPORATION,**<br><br>Defendants. | Case No. 4:24-cv-00077 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, *et seq.*, Defendants TTEC Holdings, Inc. and TTEC Services Corporation hereby remove the above-referenced action to the United States District Court for the Western District of Missouri from the Circuit Court of Jackson County, Missouri, where the action is now pending (hereafter, the "State Court Action"). Defendants remove this case based on diversity jurisdiction. In support of this removal, Defendants state as follows:[1]

### I.     INTRODUCTION

1.      On December 8, 2023, Plaintiff Vanessa Lawton filed her Petition for Damages in the Circuit Court of Jackson County, Missouri, in the civil action styled *Vanessa Lawton v. TTEC Holdings, Inc and TTEC Services Corporation*, Case No. 2316-CV32891.

2.      In her Petition, Plaintiff asserts one count of race discrimination and one count of gender discrimination, both under of the Missouri Human Rights Act ("MHRA"). *See* Ex. A (containing a copy of the Petition and other process, pleadings, and papers served in the State Court Action).

---

[1] *See* Civil Cover Sheet filed contemporaneously herewith (seeking removal to this Court).

3. Defendants accepted service of process of the Petition on January 2, 2024.

## II. VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1446 as the United States District Court for the Western District of Missouri geographically embraces the state court in Jackson County, Missouri, in which Plaintiff filed her State Court Action. *See also* 28 U.S.C. § 1441(a); 28 U.S.C. § 105(b)(1); L.R. 3.2(a)1 and 3.2(b)3.

## III. TIMELINESS AND COMPLIANCE WITH REMOVAL PROVISIONS

5. In light of Defendants' acceptance of service of the Petition on January 2, 2024, this Notice of Removal is filed within thirty days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

6. The Petition and any other process, pleading, and/or orders in the State Court Action are attached as Exhibit A, thus complying with 28 U.S.C. § 1446(a).

7. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## IV. NATURE OF CLAIMS & DIVERSITY JURISDICTION

8. As discussed more fully below, removal of this action is proper under 28 U.S.C. § 1441, *et seq.* because it is within the United States District Court's jurisdiction under 28 U.S.C. § 1332(a) in that Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Parties

9. For diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C.

§ 1332(a)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 445 (8th Cir. 2010).

10. For diversity purposes, "the terms 'domicile' and 'citizenship' are synonymous" and mean the State where an individual is physically present and intends to make his or her home indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941).

11. Plaintiff is a resident of Jackson County, Missouri. *See* Ex. A (Petition), ¶ 2.

12. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's executives direct, control, and coordinate the corporation's activities and administration. *Hertz Corp. v. Friend*, 559 U.S. 77, 93-93 (2010). A corporation's principal place of business normally is the state in which it maintains its main headquarters. *Id*.

14. Defendant TTEC Holdings, Inc. is incorporated in Delaware, with its principal place of business in Greenwood Village, Colorado. *See* Ex. B (Declaration of Michelle Graham), ¶ 3.

15. Thus, Defendant TTEC Holdings, Inc. is a citizen of Delaware and Colorado – not Missouri.

16. Defendant TTEC Services Corporation is incorporated in Nevada, with its principal place of business in Greenwood Village, Colorado. *See* Ex. B, ¶ 4.

17. Thus, Defendant TTEC Services Corporation is a citizen of Nevada and Colorado – not Missouri.

18. Accordingly, complete diversity exists between Plaintiff and Defendants under 28 U.S.C. § 1332(a).

**B. The Amount in Controversy Exceeds $75,000**

19. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in controversy "exceed the sum or value of $75,000.00, exclusive of interest and costs."

20. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

21. Although Defendants dispute many of Plaintiff's allegations and deny they are liable to Plaintiff, it is clear that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

22. The standard for determining whether a plaintiff's claim meets the jurisdictional threshold is "whether a fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002). Thus, Defendants need only establish by a preponderance of the evidence that Plaintiff could stand to recover over $75,000 if she were to prevail, not that Plaintiff would definitely be awarded more than that amount. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011).

23. Once Defendants have satisfied this burden, Plaintiff may defeat federal jurisdiction only if it appears to "a legal certainty" that the claim is really for less than the jurisdictional amount. *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994); *Kopp*, 280 F.3d at 885; *see also Schubert*, 649 F.3d at 822-23.

24. Courts consider economic and non-economic compensatory damages, punitive damages, and attorney's fees to determine whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

25. Here, Plaintiff seeks actual, compensatory, and punitive damages, which the Petition states includes but are not limited to "lost wages, earnings, and payment of all benefits she would have received," "compensatory damages for Plaintiff's non-pecuniary losses," "pre-judgment interest" and "reasonable attorneys' fees, expert witness fees, if any, and the costs of this action," and "punitive or exemplary damages." *See* Ex. A (Petition), ¶ "WHEREFORE" paragraph under "Prayer for Relief."

26. At the time her employment ended on May 9, 2022, Plaintiff was regularly earning $19/hr., or approximately $760 per week and $39,520 per year. *See* Ex. B, ¶¶ 5-6.

27. Assuming a trial date in August 2025, Plaintiff's alleged lost wages alone would far exceed the $75,000 threshold.[2] Indeed, from the conclusion of Plaintiff's employment in May 2022 to the filing of her Petition in early December 2023, and on to an assumed trial date in August 2025 (based on the federal judicial caseload statistics), Plaintiff's claim for lost wages alone could be over $128,440.00 ($760 per week x 169 weeks between May 9, 2022 and August 2025).

---

[2] According to Federal Judicial Caseload Statistics published as of March 31, 2023, the median time interval from filing to disposition at trial for civil cases in the Western District of Missouri is 20.2 months. *See* Table C-5, U.S. District Courts—Civil Federal Judicial Caseload Statistics, *MO,W*, cell K76 (Mar. 31, 2023), *available at* https://www.uscourts.gov/statistics/table/c-5/federal-judicial-caseload-statistics/2023/03/31.

28. In addition, any claim for punitive damages may be aggregated with her claim for compensatory damages, and, together, those claims satisfy the amount in controversy requirement of the diversity statute. *See*, *e.g.*, *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992).

29. In determining the amount in controversy, courts also should consider the plaintiff's claim for attorneys' fees. *See*, *e.g.*, *Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992) (considering attorneys' fee claims in determining the amount in controversy); *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014) ("Defendant is correct that punitive damages and statutory attorney fees may be considered in calculating the amount in controversy").

30. Courts routinely approve attorneys' fee awards in excess of $100,000 for employment cases. *See*, *e.g.*, *Kader v. Board of Regents of Harris Stowe State Univ.*, Case No. 1222-CC02913 (St. Louis City Circuit Court, April 4, 2017) ($180,000 awarded for attorneys' fees); *DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. Ct. App. E.D. 2014) (reversing trial court's reduction of fee award, awarding approximately $130,000 in attorney's fees); *Green v. City of St. Louis*, Case No. 1422-CC09588 (St. Louis City Circuit Court, September 1, 2016) ($120,000 awarded for attorneys' fees); *Campos v. City of Blue Springs, Mo.*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs); *Kline v. City of Kansas City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees).

31. Considering the combination of Plaintiff's potential claims for lost wages, compensatory damages, emotional distress damages, punitive damages, and attorney's fees, it is clear a fact finder could legally conclude that Plaintiff's damages exceed $75,000, exclusive of

interest and costs. Accordingly, based on the allegations in the Petition (but without making any admissions as to the merits thereof), Defendants have clearly demonstrated that this matter meets the amount in controversy requirement for removal of this action.

32. Accordingly, this Court has jurisdiction over this action because there exists complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## V. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

33. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## VI. CONCLUSION

For the foregoing reasons, and having fulfilled all statutory requirements, Defendants hereby remove this case to this Court from the Circuit Court of Jackson County, Missouri, and request that this Court assume full jurisdiction over this matter as provided by law.

Respectfully submitted,

*/s/ Bonnie Birdsell*
Bonnie G. Birdsell, Bar No. 69967
Direct: 816.627.4412
E-Fax: 816.817.1957
bbirdsell@littler.com
LITTLER MENDELSON, P.C.
1201 Walnut Street, Suite 1450
Kansas City, MO 64106

Kurt J. Erickson (to be admitted *Pro Hac Vice)*
Phone: 612.313.7608
Fax: 612.677.3579
kerickson@littler.com
LITTLER MENDELSON, P.C.
1300 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2024, the above and foregoing was filed using the Court's CM/ECF system, and further certify that I have emailed the document to the following counsel of record:

Sarah J. Duggan
WYRSCH HOBBS & MIRAKIAN P.C.
1200 Main Street, Suite 2100
Kansas City, MO 64105
sduggan@whmlaw.net

Douglas L. Carter
Jonathan K. McCoy
LAW OFFICES OF DOUGLAS L. CARTER, P.C.
2345 Grand Boulevard, Suite 1675
Kansas City, MO 64108
doug@carter.law
jon@carter.law

ATTORNEYS FOR PLAINTIFF

*/s/ Bonnie Birdsell*
Attorney for Defendants